UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Jetco Aero, LLC, | Case No. 2:25-cv-01324-CDS-EJY |
| Plaintiff | **Order Striking Emergency Designations** |
| v. | |
| Advanced Lodging Concepts, Inc., | [ECF Nos. 5, 6] |
| Defendant | |

Plaintiff Jetco Aero, LLC filed an emergency motion for a temporary restraining order (TRO) (ECF No. 5) and for a preliminary injunction (ECF No. 6) seeking to prevent defendant Advanced Lodging Concepts, Inc. (ALC) from selling an airplane the parties previously contracted to exchange.[1]

At issue is a 2011 Embraer-Empresa Brasileira DE model EMB-500 (Phenom 100) aircraft bearing serial number 50000253 and FAA Registration number N303MT, powered by two Pratt & Whitney Canada PW617F-E engines bearing serial numbers PCE-LC0473 & PCE-LC0475. ECF No. 5 at 2. Jetco avers that the parties signed a contract for ALC to sell the plane to Jetco but, after Jetco paid the initial deposit, ALC failed to deliver the plane in airworthy condition by the contract deadline, had not maintained proper maintenance logbook entries of inspection, and failed to allow for a test flight with Jetco's representatives onboard. *Id.* Although the other defects were cured in July 2025, ALC allegedly refused to allow for the test flight and on July 17, 2025, announced it intended to cease negotiating and find another buyer. *Id.* Jetco claims that the plane is a unique entity and therefore specific performances is the appropriate remedy here, and that allowing ALC to sell the airplane would result in irreparable harm. *Id.* It lists a series of

---

[1] The TRO and preliminary injunction motions are identical, but Jetco's filings, seeking two forms of relief, are correctly docketed as separate entries. *See* ECF No. 5; ECF No. 6. For this reason, I refer to ECF No. 5 throughout the motion, but apply my decision to the emergency designation of both.

specifics about the plane including that it is a Phenom 100 model made between 2010 and 2013 and that it includes: ESP Gold engine program, EEC enrollment, belted lavatory, TCAS II traffic avoidance system, completed 120-month inspection, current 12-month inspection, and NXI avionics. *Id.* at 8–9. Jetco asserts that it could only find ten aircrafts worldwide with some of the features available and only eight models available in the United States, none of which meet all of these parameters, and its TCAS II traffic avoidance system is critical for flying in both Europe and the United States. *Id.* at 9.

The filing of emergency motions is disfavored and should be confined to "the most limited circumstances." *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1141 (D. Nev. 2015). Emergency motions burden both the parties and the court, requiring each to "abandon other matters to focus on the pending 'emergency'." *Id.* When a party files a motion on an emergency basis, it is within the sole discretion of the court to determine whether any such matter is, in fact, an emergency. Local Rule 7-4(c).

Generally speaking, an emergency motion is properly presented only when the movant has shown (1) that it will be irreparably prejudiced if the court resolves the motion under the normal briefing schedule and (2) that the movant is without fault in creating the crisis that requires emergency relief or, at the very least, that the crisis occurred because of excusable neglect. *Cardoza*, 141 F. Supp. 3d at 1142 (citing *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995)). If there is no irreparable prejudice, sufficient justification for bypassing the default briefing schedule does not exist and the motion may be properly decided on a non-expedited basis. *Id.* at 1142–43.

Here, Jetco has not sufficiently reached the burden to demonstrate that alleged potential sale of this plane is an emergency. Jetco sets out a series of features that the plane in question includes that make it unique. *See* ECF No. 5 at 8–9. It only elaborates on one—the TCAS II Traffic Avoidance System. *Id.* at 9. It nonetheless asserts that "only the aircraft that is the subject matter of this action met all of the above criteria. Attempting to bring the other aircraft into

compliance with Jetco's requirements was not a realistic option, given the months of downtime, significant costs, and uncertain parts availability, especially regarding safety and avionics systems (like TCAS II retrofits)." *Id.* The motion leaves unclear how many of those other planes—in the United States or abroad—have that TCAS II system. *See id.* For example, Jetco asks that I assume the importance of a feature like a "belted lavatory" without providing any explanation for why I should. Additionally, there is no indication from the briefing that a pending sale between ALC and another buyer is imminent. Lacking all of this information, I cannot find that there is an emergency.

Therefore, I strike the emergency designation from the TRO motion (ECF No. 5) and the preliminary injunction motion (ECF No. 6), and the briefing schedule may proceed in line with the Federal Rules of Civil procedure and this court's local rules once service is effectuated.

## Conclusion

IT IS THEREFORE ORDERED that the emergency designation in Jetco's motion for a temporary restraining order **[ECF No. 5] is stricken**.

IT IS FURTHER ORDERED that the emergency designation in Jetco's motion for preliminary injunction **[ECF No. 6] is stricken.**

Dated: August 5, 2025

_____
Cristina D. Silva
United States District Judge