UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JETCO AERO, LLC,

Plaintiff,

v.

ADVANCED LODGING CONCEPTS, INC.,

Defendant.

Case No. 2:25-cv-01324-CDS-EJY

**Report and Recommendation**

Pending before the Court is Plaintiff Jetco Aero, LLC's Motion to Amend Complaint. ECF No. 49. The Court reviewed the Motion, the Proposed Amended Complaint (ECF No. 49-1), Defendant Advanced Lodging Concept's Opposition (ECF No. 56), and Plaintiff's Reply (ECF No. 64). The Court finds as follows.

## I. Background

This action arises from soured negotiations over the sale of an airplane. On March 15, 2025, the parties entered into a purchase agreement for the sale of an Embraer-Empresa Brasileira aircraft and its engines (together, the "Aircraft") for $2,250,000 (the "Agreement"). ECF No. 49-1 at 4-5. In accordance with the terms of the signed Agreement, a third party inspected the Aircraft on March 28, 2025 and discovered "sulfidation on the stator vanes and rotors" of its engines as a result of the borescope investigation. ECF No. 49-1 at 6-7. Although Plaintiff admits the inspector recommended the engines be evaluated by the manufacturer because it (the inspector) lacked the resources to thoroughly assess the sulfidation, and despite Plaintiff's offer to pay for this inspection, Defendant refused to allow the manufacturer to inspect the plane. *Id*. at 7-8. Under the facts and law application to this as-is sale Agreement (discussed in detail below) Plaintiff nonetheless focuses on the fact that the sulfidation problem was omitted from the inspector's final "return to service" in the Aircraft's maintenance records. *Id*. at 9. According to Plaintiff, the failure to include this information in the final inspection report was "contrary to the applicable regulations" governing maintenance records. *Id*. Plaintiff does not state it reported the issue to any regulatory entity and

fails to offer law or an explanation supporting the assertion that the inspector's failure to include information in a report—information shared with Plaintiff—transforms this as-is sale Agreement into a claim of fraud. ECF No. 49-1 at 27 (stating the Aircraft and engine were being sold "**AS IS-WHERE IS, WITH ALL FAULTS**") (emphasis in original).

On April 22, 2025, Plaintiff issued a notice of default to Defendant in accordance with the purchase agreement. ECF No. 49-1 at 9. Plaintiff allegedly sent written demands to the third-party inspector (who is not a party to this lawsuit) and Defendant to confirm the airworthiness of the Aircraft but received no response. *Id*. Further, the April 25, 2025 test flight[1] revealed other issues with the Aircraft precluding a finding of airworthiness. *Id*. at 11. On May 23, Defendant noticed its termination of the purchase agreement under section 1.3(b). *Id*. Three days later, Plaintiff issued a rebuttal notice asserting that it was the one terminating the agreement. *Id*. Negotiations ended on July 17 when Defendant informed Plaintiff that it was pursuing another buyer for the Aircraft. *Id*.

Plaintiff filed this action on July 21, 2025. ECF No. 1. On August 1, 2025, Plaintiff also moved for a Temporary Restraining Order and Preliminary Injunction to prevent the sale of the Aircraft. ECF Nos. 5 and 6. The Court struck the emergency designation on August 5 because Plaintiff did not state sufficient facts and explanation to demonstrate an emergency. ECF No. 8. Then, on August 11, Defendant filed a Motion to Dismiss Plaintiff's Complaint (ECF No. 11), and apparently, sold the Aircraft to another buyer. ECF No. 49-1 at 12.

Though Plaintiff's response deadline was extended twice through stipulation, Plaintiff failed to respond to the Motion to Dismiss. ECF Nos. 17, 21, 23. Accordingly, the Court granted Defendant's Motion to Dismiss without prejudice on September 18, 2025 and closed the case. ECF No. 23. A few weeks later, the parties stipulated to reopen the matter and allow Plaintiff to file a First Amended Complaint ("FAC") that was granted October 3, 2025. ECF No. 25. Plaintiff's FAC was docketed on October 6 asserting claims for Declaratory Relief, Breach of Contract, Breach of Implied Covenant of Good Faith and Fair Dealing, and Unjust Enrichment. ECF No. 26. After a series of extensions, Defendant filed an Answer on November 21, 2025 stating counterclaims for

[1] Elsewhere in the Complaint, Plaintiff alleges that this test flight occurred despite "Jetco's written objections" though it is unclear what those objections were. *See* ECF No. 49-1 at 13.

Declaratory Relief and Breach of Contract. ECF No. 41. Plaintiff responded to Defendant's counterclaim (ECF No. 46), and discovery commenced on January 6, 2026. ECF No. 48. On March 10, 2026, the last day to amend the pleadings, Plaintiff moved for leave to file a Second Amended Complaint (the "proposed SAC") to add a state law claim for fraud. ECF No. 49.

**II. The Parties' Arguments**

Plaintiff argues that the factors courts analyze under Fed. R. Civ. Pro. 15(a) favor amendment. *Id.* at 3. Plaintiff explains it is seeking to add a fraud claim because its investigation led to "a good faith belief" that Defendant committed fraud. *Id.* at 4. However, Plaintiff's fraud theory is based on the original purchase agreement and, thus, does not plead any new facts discovered through investigation.[2] Plaintiff submits that its amendments are made in good faith and will not cause undue delay because, at the time of filing, the matter was in the early stages of litigation. *Id.*

Plaintiff contends to the extent Defendant argues prejudice based on the passage of time, the Court should remember "Defendant rejected Plaintiff's request for" an initial nine month discovery period that would have included a later due date for amending pleadings. *Id.* (citing ECF No. 47). However, regardless of Defendant's position on the scheduling dates flowing from the initial discovery period, it was the Court that rejected Plaintiff's proposal finding nothing extraordinary or unusual about this breach of contract case to merit an initial, extended discovery period. ECF No. 48. For this reason, the Court adopted the standard discovery deadlines recommended by Defendant. *Id.*; *see Herndon v. City of Henderson*, 507 F.Supp.3d 1243, 1245 n.3 (D. Nev. 2020) ("The presumptively reasonable discovery period is 180 days measured from the date the first defendant answers or otherwise appears."). Plaintiff's suggestion that the discovery period in this matter was "shortened" (ECF No. 49 at 4) is simply inaccurate.

Plaintiff further submits that it has not previously filed a motion to amend in this matter, and that this tends to support amendment. *Id.* at 5. While this may be the first instance Plaintiff filed a motion for leave to amend, the operative complaint in this matter is Plaintiff's FAC—as stipulated

[2] *See* ECF No. 49-1 at 13 ("[Defendant] falsely represented in the Agreement dated March 15, 2025, through its officer Jordan Grant, that it would sell an airworthy Aircraft to [Plaintiff]."); ECF No. 49 at 4; ECF No. 64 at 11 ("[Plaintiff] pleaded that [Defendant], through its principal Mr. Grant, made the airworthiness representations in the Agreement.")

to by the parties. ECF Nos. 25, 26. Thus, Plaintiff had an opportunity to amend and, unlike cases where new facts lead to the discovery of evidence that provided a basis for additional amendment, Plaintiff's proposed SAC cites no new evidence.[3] *Cf. Scott v. City of Los Angeles*, Case No. 2:21-cv-06161-ODW(JCx), 2023 WL 2563070, at *3 (C.D. Cal. Mar. 17, 2023) (granting leave to amend to add a new claim where the plaintiff was diligent in adding the claim based on newly discovered facts that were unavailable at the time of the initial complaint and prior amendments).

In response, Defendant bases its opposition to Plaintiff's Motion exclusively on futility. ECF No. 56. Specifically, Defendant argues Plaintiff has not stated the elements of fraud. *Id*. at 6. Defendant contends Plaintiff has not identified a misrepresentation in the Agreement. *Id*. at 6-9. Defendant highlights that it did not promise to deliver an airworthy plane under the terms of the Agreement or through outside representations. *Id*. at 6-7. Instead, section 3.1 of the Agreement demonstrates that the Aircraft was sold "as-is/where-is/with-all-faults." *Id*. at 7 (emphasis removed). Thus, Defendant argues the proposed fraud claim is barred by the plain language of the contract. *Id*. at 11-12.[4]

In Reply, Plaintiff highlights that Defendant relies only on futility and, thus, concedes all the other factors applicable to amendment. ECF No. 64 at 3. Plaintiff argues that it has pleaded fraud with particularity as required under Federal Rule of Civil Procedure 9(b). Plaintiff discusses Nevada case law arising in the employment context where courts found that a contract claim was converted into a fraud claim because the promisor allegedly had no intent to perform under the contract at the time of consummation. *Id*. at 5 (discussing *Cundiff v. Dolar Loan Ctr. LLC*, 726 F.Supp.2d 1232, 1241-42 (D. Nev. 2010)). Plaintiff submits, despite contract language to the contrary, the Agreement required Defendant to deliver the Aircraft in airworthy condition and required Defendant to correct any issues that made the Aircraft not airworthy. *Id*. at 6. With respect to Defendant's argument that the Agreement bars fraud claims, Plaintiff points to case law standing for the proposition that parties "cannot contract out of fraud." *Id*. at 7.

---

[3] *See, supra*, note 2.

[4] Defendant makes additional legal arguments that are not discussed as they are unnecessary to the resolution of the instant Motion.

## III. Legal Standard

The Court has broad discretion to grant an amendment to a complaint and may freely do so "when justice so requires." Fed. R. Civ. P. 15(a)(2). Denial of leave to amend may be justified if the proposed amendment will cause undue delay, undue prejudice to the opposing party, a request to amend is made in bad faith, a party has repeatedly failed to cure deficiencies, or the amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 533 (9th Cir. 2008). "The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) (citations omitted). Moreover, "leave to amend is properly denied 'where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally.'" *Foster Poultry Farms v. Alkar-Rapidpak-MP Equip., Inc.*, 868 F.Supp.2d 983, 998 (E.D. Cal. 2012) (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)).

Futility alone can be reason to deny leave to amend. *Novak v. U.S.*, 795 F.3d 1012, 1020 (9th Cir. 2015). When analyzing futility, courts employ the same legal standard as Fed. R. Civ. Pro. 12(b)(6), meaning the standard for futility requires the Court to find there is no set of facts that can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988); *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018). The Rule 12(b)(6) standard allows courts to also consider exhibits attached to the complaint. *E.g. Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citations omitted). When evaluating a complaint with its attached exhibits, courts are not "required to accept as true allegations that contradict exhibits attached to the Complaint … or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).[5]

---

[5] *See also Pontiler S.A. v. OPI Prods. Inc.*, 824 Fed.Appx. 523, 526 (9th Cir. 2020) (quoting *Ott v. Home Sav. & Loan Ass'n*, 265 F.2d 643, 646 n.1 (9th Cir. 1958) ("While we construe the pleadings in favor of the plaintiff, if 'the allegations of a pleading are inconsistent with the terms of a written contract attached as an exhibit, the terms of the latter, fairly construed, must prevail over the averments differing therefrom.")).

To state a claim for fraud or intentional misrepresentation under Nevada law, Plaintiff must allege:

1. A false representation made by the defendant;
2. Defendant's knowledge or belief that the representation is false (or insufficient basis for making the representation);
3. Defendant's intention to induce the plaintiff to act or to refrain from acting in reliance upon the misrepresentation;
4. Plaintiff's justifiable reliance upon the misrepresentation; and
5. Damage to the plaintiff resulting from such reliance.

*Bulbman, Inc. v. Nevada Bell*, 825 P.2d 588, 592 (Nev. 1992). "The suppression or omission of a material fact which a party is bound in good faith to disclose is equivalent to a false representation, since it constitutes an indirect representation that such fact does not exist." *Nelson v. Heer*, 163 P.3d 420, 426 (Nev. 2007).

"Complaints alleging fraud must comply with both [Federal Rules of Civil Procedure] 8(a) and 9(b)." *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 828 (9th Cir. 2003), *overruled on other grounds by Odom v. Microsoft Corp.*, 486 F.3d 541, 551 (9th Cir. 2007) (en banc)). Under Federal Rule of Civil Procedure 9(b), "a party must state with particularity the circumstances constituting fraud." This rule requires that claims of fraud be accompanied by the "who, what, when, where, and how" of the conduct charged. *Vess v. Ciba-Geigy Corp., USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). In essence, "a plaintiff must set forth *more* than the neutral facts necessary to identify the transaction," but rather "an explanation as to why the statement or omission complained of was false or misleading." *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994) (emphasis in original).

## IV. Discussion

For sake of clarity, the Court advises it does not address every argument raised in the briefing, and any argument not addressed is rejected to the extent that it is inconsistent with the outcome of the order. *PlayUp, Inc. v. Mintas*, 635 F.Supp.3d 1087, 1099 (D. Nev. 2022).

The pending matter presents one simple issue: Whether Plaintiff should be allowed to amend the Complaint to add a fraud claim based upon an alleged misrepresentation or omission in the Agreement. The Court finds no misrepresentation in the Agreement and Plaintiff has not otherwise pleaded an omission or misrepresentation in accordance with Fed. R. Civ. Pro. 9(b). Coupled with

the fact that the proposed claim rests on no new information, and because this would be Plaintiff's third amendment, the Court recommends Plaintiff's Motion to Amend be denied.

a. Plaintiff Does Not State Fraudulent Misrepresentation or Omission with Particularity.

Plaintiff contends it has stated a viable claim for fraud because "[Defendant] falsely represented in the Agreement dated March 15, 2025, through its officer Jordan Grant, that it would sell an airworthy Aircraft to Jetco." ECF No. 49-1 at 13. The problem with this theory is the language in the Agreement on which it relies. As explained above, in bold and capital letters, section 3.1 of the Agreement states the Aircraft, including its engine, are sold "**AS IS-WHERE IS, WITH ALL FAULTS.**" ECF No. 49-1 at 27 (emphasis in original). Plaintiff cites no representation made by Defendant or language in the Agreement to the contrary. *Id.* Moreover, the Agreement states that Plaintiff "**WAIVES, RELEASES, AND RENOUNCES ALL WARRANTIES, OBLIGATIONS OF ANY NATURE WHATSOEVER, AND LIABILITIES OF SELLER … WITH RESPECT TO ANY DISCREPANCY, NONCONFORMANCE, OR DEFECT IN THE AIRCRAFT, ENGINES, AND ANY OF THE AIRCRAFT'S OR ENGINE'S COMPONENTS … INCLUDING, WITHOUT LIMITATION, THE CONDITION OR AIRWORTHINESS THEREOF** …." *Id.* at 28 (emphasis in original).[6]

In contrast to the plain language in section 3.1 of the Agreement,[7] Plaintiff submits that section 1.4(v) requires delivery of an airworthy plane. ECF No. 64 at 6. However, section 1.4 states Defendant would deliver the Aircraft for a final inspection, at which time Plaintiff had the right and the ability to "satisfy *itself* as to whether the Aircraft" conformed with a variety of "delivery conditions" including whether the Aircraft was airworthy. ECF No. 49-1 at 22-23.

---

6 While this sentence was conditioned with "except to the extent otherwise expressly stated in section 2.1 above," the Court finds the noted section is irrelevant to the current dispute. *See* ECF No. 49-1 at 27-28. Defendant made no representations as to the condition or airworthiness in section 2.1; rather, (for example) Defendant promised to deliver marketable title. *See Id.* at 26.

7 In response to the above, Plaintiff also argues this language does not bar its ability to raise a fraud claim because parties cannot contract out of fraud. ECF No. 64 at 11-12. While this may be true, the problem here is that Plaintiff identifies no representation that was false. Moreover, the cases cited by Plaintiff are inapposite. In *Transcon. Corp. v. Hyde*, Case No. 2:08-cv-00805-RCJ-RJJ, 2008 WL 11352481 (D. Nev. Oct. 16, 2008) the defendants asserted a counterclaim for fraudulent inducement, despite the existence of an integration clause in the contract. Plaintiff's brief discussion of the case omits a key fact that distinguishes the present case; that is, in *Hyde*, the counterclaimant pointed to the existence of supportive parole evidence and, thus, the court found dismissal to be improper. *Id.* at *2. Here, Plaintiff points to no parole evidence as a basis for their fraud claims.

The Agreement, read as a whole, as it must be under Nevada law, demonstrates Defendant promised to deliver an "as-is, where is, with all faults" Aircraft that Plaintiff could inspect and determine airworthiness for itself. *Road and Highway Builders, LLC v. Northern Nevada Rebar, Inc.*, 284 P.3d 377, 380 (Nev. 2012) (the Court must read the Agreement "as a whole and avoiding negating any contract provision") (internal citation omitted). Here, every representation by Defendant demonstrates it did not promise an airworthy aircraft, but was selling something as it was, with all its faults. Plaintiff was not required to accept the Aircraft as it was, and there is nothing pleaded supporting a claim that Defendant intentionally or fraudulently misled Jetco about the condition of the Aircraft.

Section 1.3(b) makes clear that "[i]f the Inspection identifies any discrepancies or required repairs for the Aircraft to be airworthy, the parties shall negotiate in good faith to allocate the costs and expenses of any such repairs, provided if the parties are unable to so agree, Seller shall have the right to terminate this Agreement and Buyer shall be deemed to have rejected the Aircraft." ECF No. 49-1 at 22. While it may be that Plaintiff could, at least potentially, claim there was a failure to negotiate in good faith regarding repairs when Defendant is alleged to have refused to allow the manufacturer to inspect and repair the Aircraft, this supports breach of contract not fraud.

Plaintiff also points to a blank form titled "Technical Pre-Acceptance" attached to the Agreement. ECF No. 64 at 6 (citing ECF No. 49-1 at 39). Through this form Plaintiff could accept the Aircraft "subject to [Defendant's] correction of airworthiness-related discrepancies in accordance with the terms of the Agreement" or reject the Aircraft "due to the Aircraft's inability to meet the delivery conditions." ECF No. 49-1 at 39. Thus, Plaintiff overstates its reliance on this form when arguing it "expressly contemplates [Defendant] correcting airworthiness-related discrepancies." ECF No. 64 at 6. Again, the Agreement as a whole, especially the bolded, capitalized portions of section 3.1 emphasizes the Aircraft was being sold "AS IS-WHERE IS, WITH ALL FAULTS." ECF No. 49-1 at 27.

At one point, Plaintiff retreats to the position that airworthiness is "an ordinary expectation in any contract for sale of an aircraft," (ECF No. 64 at 2), but expectations, unsupported in fact, do not state a basis for a fraud claim. *See Goodman v. Platinum Condo. Dev., LLC*, Case No. 2:09-CV-

00957-KJD-RJJ, 2010 WL 11629154, at *9 (D. Nev. Mar. 29, 2010) ("There is simply no factual basis alleged for Plaintiffs' fraud claims based on unmet financial expectations.").

Plaintiff's proposed SAC alleges that Defendant "omitted key information about the Aircraft that it was bound in good faith to disclose, including its significant airworthiness issues" at the time the Agreement was signed and instead "concealed them, hoping they would not be discovered." ECF No. 49-1 at 13. This bare allegation does not meet the heightened standard of Rule 9(b) and is once again clearly contrary to plain, bold, capitalized language stating the Aircraft was "as is, where is, with faults." In Reply, Plaintiff avers that it has pleaded fraud with particularity identifying the "when" as March 15, 2025 (the date of the Agreement) and the "who" Defendant, through its principal Mr. Gant, who signed the Agreement. ECF No. 64 at 11. This theory fails that the "what," "why," and "how" are contradicted by section 3.1 of the Agreement. Plaintiff's conclusory allegation that Defendant "omitted key information about engine sulfidation" in order to "induce the sale of the Aircraft" (*Id.*) is not supported by any pleaded facts demonstrating Defendant knew of the problem before the inspection or how the non-disclosure would support fraud when the Aircraft was sold as is, with faults. Plaintiff seeks to render these key representations meaningless by suggesting it was induced to enter into the Agreement by something that conflicts with the Agreement's express terms—a proposition Nevada law does not support. *Road and Highway Builders, LLC*, 284 P.3d at 381 (internal citations omitted).

b. <u>The Court Recommends Leave to Amend be Denied</u>.

The Court's discretion to deny leave to amend is particularly broad where, as here, Plaintiff has previously amended the complaint. *Ascon Props., Inc.*, 866 F.2d at 1160. The pending motion presents Plaintiff's second attempt at amendment and third pleading against Defendant. ECF Nos. 1, 26, 49. Moreover, Plaintiff's fraud claim is not based on any newly discovered information because as pleaded, it is confined to the representations made in the Agreement. *See* ECF No. 49-1 at 13-14, 17. Plaintiff says it is seeking to add this fraud claim as the result of its "investigation" but fails to explain why it should be permitted to add a new claim based on information that was known to it at the time of the original Complaint on July 21, 2025 (ECF No. 1) or when it filed its First

Amended Complaint on October 6, 2025 (ECF No. 26). This lack of explanation is sufficient grounds for denial. *Foster Poultry*, 868 F.Supp.2d at 998.

**V. Recommendation**

IT IS HEREBY RECOMMENDED that Plaintiff's Fourth Motion for Leave to Amend (ECF No. 49) be DENIED.

Dated this 10th day of July 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Under Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court holds the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). The Ninth Circuit also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).